QUACKENBUSH v. THE CHICAGO & NORTHWESTERN R'Y CO.

1. **Railroads:** INJURY TO PASSENGER RIDING IN CABOOSE: NEGLIGENCE IN MOVING TRAIN. Plaintiff was a passenger on one of defendant's trains. He was seated on a chair in a caboose, which was fastened to a train of cars, and some heavily loaded cars were so violently backed against the train that plaintiff was thrown from his chair against the stove, and injured. The evidence showed that the cars might easily have been so handled as not to injure the persons in the caboose. *Held* that the jury was warranted in finding that defendant was guilty of negligence.

2. ——: ——: CONTRIBUTORY NEGLIGENCE: SITTING ON CHAIR. In such case, although there was a stationary seat around the sides of the caboose for the use of passengers, *held* that plaintiff was not, as a matter of law, guilty of contributory negligence in sitting on a chair which was in the car.

3. ——: ——: INJURY TO NOSE: CATARRH AS RESULT: EVIDENCE. In this case, the plaintiff's nose was injured, and he afterwards had nasal catarrh, and the defendant asked the court to instruct the jury that there was no sufficient evidence to warrant them in finding that his catarrh was caused by the injury complained of. But, in view of evidence to the effect that plaintiff never had had catarrh before, and that, according to the physicians and the books, his injury was such that it might have produced catarrh, *held* that the court properly refused to give the instruction.

4. **The Same.** In such case, a finding by the jury that plaintiff's catarrh was produced by the injury was not contrary to an instruction, in which they were told that they could not so find alone from expert testimony that such a result might possibly follow, because there was the additional testimony that plaintiff never had had catarrh before.

5. **Appeal:** PRACTICE: OBJECTIONS TO EVIDENCE: ONLY THOSE MADE BELOW CONSIDERED. A ground of objection to the admission of evidence cannot be considered on appeal unless first urged on the trial below; and it makes no difference that the admission of the evidence was objected to on other grounds.

6. **Evidence:** INDEFINITENESS: ADMISSIBILITY. If evidence has some bearing on the issue, it is not to be excluded on the ground that it is too indefinite, for that is a matter which goes only to its weight.

*Appeal from Hamilton District Court*—Hon. S. M. Weaver, Judge.

THURSDAY, DECEMBER 15.

ACTION to recover for a personal injury, alleged to have been sustained by the plaintiff while a passenger on one of the defendant's train. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Hubbard, Clark & Dawley*, for appellant.

*W. J. Covil* and *W. Martin*, for appellee.

ADAMS, CH. J.—The plaintiff was riding in a caboose. A stationary seat had been provided around the side of the car for the accommodation of passengers, but the plaintiff, at the time of the accident, was sitting in a chair. The caboose was a part of a train standing upon the track. Other cars, somewhat heavily loaded, were brought upon the track to be coupled to the part of the train which included the caboose. The moving cars were thrown back with such force against the standing cars that the plaintiff, while sitting in a chair in the caboose, was thrown against the stove, and received an injury upon the nose, which is the injury for which the action is brought.

I. The defendant insists that the verdict is without support, in that there was no evidence tending to show negligence on the defendant's part. The plaintiff's allegation of negligence, as contained in his petition, is in these words: "Said negligence was caused by the defendant's servants in switching or otherwise moving cars. While the car in which the plaintiff was a passenger was standing upon the track, with other cars forming part of the train, a number of heavily loaded cars were backed at great speed against said standing cars, causing said cars to come suddenly and with great force against the car in which the plaintiff was a passenger,

*1. RAILROADS: injury to passenger riding in caboose: negligence in moving train.*

whereby he was thrown from his seat in the car violently forward upon the stove in the car." The defendant does not deny that the plaintiff was thrown from his seat upon the stove by reason of the moving cars being thrown against the standing cars; but it insists that there was nothing in this tending to show negligence. The defendant's contract was to carry the plaintiff safely, if it could do so in the exercise of the strictest care. Now, the evidence shows that the moving cars could have easily been moved back in such a way as not to injure the persons in the caboose.. We think that the finding that the defendant was guilty of negligence is abundantly supported.

II.   The next position taken by the defendant is that the undisputed evidence shows that the plaintiff, by his own negligence, contributed to the accident. The fact relied upon is that the plaintiff was sitting in a chair. It is said that a chair was a dangerous thing to .sit in in such a place, and that the plaintiff should have avoided it, especially as abundant sitting accommodations had been provided by stationary seats around the sides of the car. It is not to be denied, we think, that, in case of any sudden and violent propulsion of the caboose, a chair, not fastened to the floor or otherwise secured, was less safe than the seats around the sides; but it is not easy to discover what the chair was in the car for if not as a seat. We think that the plaintiff was justified in inferring that it was placed there as a seat, and, if so, that the defendant would so manage its train in switching as not to throw a passenger or any other person from the chair upon the stove. We cannot say that the plaintiff was guilty of contributory negligence.

*2. contributory negligence: sitting in chair.*

III.   Evidence was introduced by the plaintiff for the purpose of showing that the injury which he received upon his nose had produced catarrh. The defendant asked the court to instruct the jury that there was not sufficient evidence to warrant them in finding that the plaintiff's catarrh was caused by the injury

*3. injury to nose: catarrh as result: evidence.*

complained of. The court refused to so instruct, and the defendant assigns the refusal as error. The plaintiff testified that the injury was followed by catarrh, and that he had never had catarrh before. One Dr. Eberle was examined as a witness, and was asked whether an injury upon the nose might produce catarrh, and, if so, how. To this he answered: "It might by progression. Any inflammatory action of the membrane may produce catarrh. A lacerated wound of the cartilaginous portion of the nose adjoining the nasal bones would produce inflammatory action." Another physician who had made an examination of the plaintiff's nose testified that he found it in a highly inflamed condition. Another physician testified that he found inflammation producing a sanguineous discharge. All testified, however, that they had never known a case where catarrh had been produced by an injury to the surface of the nose, and one testified that the books give no instance where catarrh was known to so originate, but he testified that the books say that there may be such a result. If the plaintiff received an injury which, according to the physicians and the books, might produce catarrh, and the plaintiff never had catarrh before, but had it soon afterwards, we think that there was some ground for an inference that the plaintiff's catarrh was caused by the injury, and we do not think that the court would have been justified in giving the instruction asked.

IV. The court instructed the jury that an expert opinion that a certain result may possibly follow from a certain cause, that is, that such result is merely possible, and not the ordinary or usual consequence of like conditions, does not, in the absence of proved fact or circumstances tending to that end, constitute sufficient evidence that such exceptional or possible result did in fact follow in the given case. It is insisted that the verdict is contrary to this instruction. But, in our opinion, we cannot so hold. In addition to the evidence of the experts and the books, there was the proven fact that the plaintiff never had catarrh before, and did have

**4. THE SAME.**

it soon afterwards. Besides, it does not appear that the jury found that the catarrh was caused by the injury, or allowed any damages on account of the plaintiff's catarrh. It would seem, indeed, from the amount of the verdict, that they did not. The amount was only $395, and there was evidence that the plaintiff sustained considerable injury independent of the matter of the catarrh.

V. The defendant assigns as error the overruling of an objection interposed to a certain question asked an expert witness by the plaintiff. The question is in these words: "State whether a blow upon the nose which was sufficient to break the bones would probably excite inflammatory action of any mem·brane of the nose?" The witness answered, "Most certainly." The objection urged in argument is that there was no evidence that any bones in the plaintiff's nose were broken. That objection, however, does not appear to have been specifically made upon the trial. The objection there made was that the question was irrelevant, immaterial and leading, and that the witness had already testified upon the subject. There was nothing in this which would necessarily suggest the objection now urged, and we cannot say that the court erred in not sustaining the objection.

5. APPEAL: practice : objections to evidence: only those made below considered.

VI. The defendant assigns as error the admission in evidence of an extract from a medical work on Diseases of the Throat and Nose. The extract is in these words: "Purulent inflammation of the nasal mucous membrane in exceedingly rare cases may be simply an aggravation of an ordinary catarrh. It may likewise result from injuries." The objection urged is that the statement is too indefinite; but we cannot say that it has no bearing upon the question at issue. If it has some bearing, the indefiniteness of the statement, it appears to us, goes to its value or weight as evidence, rather than its admissibility.

6. EVIDENCE: indefiniteness: admissibility.

We see no error, and the judgment must be

AFFIRMED.