The Ohio and Mississippi Railroad Company *v.* Hecht.

Filed Sept. 20, 1888.

———◆———

No. 13,854.

THE OHIO AND MISSISSIPPI RAILROAD COMPANY *v.* HECHT.

NEGLIGENCE.—*Personal Injury.—Compensatory Damages.*—The plaintiff in an action for personal injuries is entitled to full compensatory damages where a disease caused by the injury supervenes and proximately results from the defendant's wrong, as well as where the disease exists at the time of the injury, and is aggravated by it.

SAME.—*Contributory Negligence.—Must Have Contributed to Injury.*—In an action for personal injuries resulting from the negligence of the defendant, the negligence of the plaintiff will not preclude a recovery unless it contributed to his injury.

SAME.—*Instruction to Jury.—Occupation of Plaintiff.—Damages.*—In such action, an instruction to the jury that they may consider the occupation of the plaintiff, and that they may give him such a sum as will fully compensate him for the injuries he received, is not erroneous.

From the Jefferson Circuit Court.

*H. D. McMullen* and *J. McGregor,* for appellant.

*C. A. Korbly* and *W. O. Ford,* for appellee.

ELLIOTT, J.—The appellee bought a ticket entitling him to passage on the trains of the appellant, and, while at the appellant's station at North Vernon, for the purpose of entering one of its trains, as he was entitled to do under the ticket he had purchased, he was injured, without any fault on his part, by stepping into a hole in the platform, which

the appellant, in disregard of its duty, had negligently permitted to remain unprotected. The complaint thus describes the injury sustained by the appellee, and states the damages occasioned by the wrong of the carrier: "The plaintiff was violently thrown down and upon his valise, which he was carrying in his hand, and his foot and ankle were sprained, strained, and otherwise greatly injured and bruised, and the ligaments and tendons of plaintiff's foot were strained and drawn and permanently injured, so that the plaintiff suffered great pain and anguish and became sick, sore and lame, and was confined to his bed and room from thence hitherto, and was wholly incapacitated from attending to his usual vocation, and he laid out and expended a large sum of money, to wit, $—— for doctor's fees and medicines and nursing, in attempting to be cured of said hurt, and received a permanent injury which will lame him for life and always impede his successful prosecution of his business, whereby he has sustained damages in the sum of five thousand dollars."

The complaint makes a case entitling the appellee to full compensation for the injury which proximately resulted from the appellant's wrong. Where a disease caused by the injury supervenes, as well as where the disease exists at the time of the injury, and is aggravated by it, the plaintiff is entitled to full compensatory damages. The decisions upon this point are numerous and harmonious. *Louisville, etc., R. W. Co.* v. *Wood,* 113 Ind. 544, and cases cited p. 567; *Louisville, etc., R. W. Co.* v. *Jones,* 108 Ind. 551; *Indianapolis, etc., R. W. Co.* v. *Pitzer,* 109 Ind. 179, and cases cited p. 188; *Louisville, etc., R. W. Co.* v. *Falvey,* 104 Ind. 409; *Terre Haute, etc., R. R. Co.* v. *Buck,* 96 Ind. 346; *Jeffersonville, etc., R. R. Co.* v. *Riley,* 39 Ind. 568; *Keyser* v. *Chicago, etc., R. W. Co.,* 33 N. W. Rep. 867; *Quackenbush* v. *Chicago, etc., R. W. Co.,* 73 Iowa, 458.

The complaint is sufficiently comprehensive to entitle the plaintiff to give evidence of the nature and consequences of his injury.

In *Ehrgott* v. *Mayor*, 96 N. Y. 264, it was said by the court : " Upon the trial plaintiff gave evidence tending to show that he had a disease of the spine of a permanent nature as the result of his injuries. This evidence was objected to by the counsel for the city, on the ground that the plaintiff had not alleged such a result from the injury in his complaint. We think the complaint is sufficient. It alleges that he suffered great bodily injury ; that he became, and still continues to be, sick, sore and disabled ; that he was obliged to spend large sums in attempting to cure himself, and was prevented for a long time from attending to his business, and that he was otherwise injured to his damage $25,000. These allegations are sufficient to authorize proof of any bodily injury resulting from the accident, and if the defendant desired that they should be more definite, it could have moved to have them made more specific, or for a bill of particulars."

Chief Justice CAMPBELL said, in *Johnson* v. *McKee*, 27 Mich. 471 : " When the defendant was informed' that damages were sought for sickness and disorder, and their attendant expenses, as well as for wounds and bruises, he was bound to expect evidence of any sickness the origin or aggravation of which could be traced to the act complained of."

In the case of *Delie* v. *Chicago, etc., R. W. Co.*, 51 Wis. 400, the question before us was carefully examined and well discussed, the court saying, among other things, that " It is not claimed on the part of the appellant, that the complaint does not state a cause of action. If the allegations of injury are sufficient to entitle the plaintiff to recover anything more than nominal damages, then it seems to us very clear that he is entitled to recover such damages as he actually sustained by reason of all the injuries to his person resulting from the accident, and that, in order to enable the jury to estimate his damages, he must be permitted to show what those injuries in fact were. We think that, in cases of this kind, if the defendant does not desire to have the plaintiff make his allegations as to the nature of his injuries more

definite and certain, and does not ask to have it done by a proper motion for that purpose, he must come prepared to meet any proof which the plaintiff may offer which shows or tends to show the real nature of the injuries which were the direct result of the accident. This, we think, was the rule held, even under the old practice, by this court in *Birchard* v. *Booth*, 4 Wis. 74 (92). In that case the court held that, under allegations as general as in this case, the plaintiff might show that as one of the results of the battery his shoulder-blade was broken. The present chief justice, in his opinion in that case, says : ' It was contended on the argument that the fracture of the shoulder-blade should have been specially and circumstantially set forth in order to apprise the defendant of the fact to be proved ; and that it was a surprise upon him to admit proof of it under the general language of wounding, beating, bruising, etc.; and, although we think such a special statement of the injury might have been very proper, yet we can not say that it was essentially necessary. As already stated, we can but view that injury as the natural and necessary result or consequence of the battery. That wrongful act was the efficient producing cause of the fracture and loss of health, and we think it is sufficient to allege it in this general manner.' See, also, *Schmidt* v. *Pfeil*, 24 Wis. 452 (455). If, under the old rules of pleading, under general allegations of wounding, bruising and beating, the plaintiff could be permitted to show all the injuries to the person which resulted from the battery, there is much greater reason for allowing such evidence under the code practice, which gives the defendant the clear right to have the general allegations made more specific and certain if he desires it."

At another place it was said : " But the counsel for the appellant urges that, as the hernia did not make its appearance until nine months after the accident, it can not be said that it was the result of the accident, and certainly not the direct and immediate result thereof, and therefore evidence concerning it should not have been admitted under the allega-

tions of the complaint. If the hernia had appeared immediately after the accident, under the rule above stated, there would be no doubt as to the right of the plaintiff to prove the facts as one of the results of the injury; and we think the mere fact that it did not become apparent to the plaintiff until some time after, can make no difference as to the right of the plaintiff to show that it was in fact caused by the accident."

Our own decisions declare the rule substantially as the cases we have cited.

In *Ohio, etc., R. W. Co.* v. *Selby*, 47 Ind. 471, it was said: "The complaint charged that the plaintiff was grievously bruised, hurt, and injured. Under these general allegations, the plaintiff was entitled to prove any and all injuries which he received, and which were the natural consequence of the wrongful act of the appellant."

It was said by the court in the case of *Wabash R. W. Co.* v. *Savage*, 110 Ind. 156, that: "After Dr. Young had as a witness explained the nature of the injury which the plaintiff had received, and the remedy resorted to for his relief, he was, over objection of the defendant, permitted to say that the effect of the injury would be very deleterious to the plaintiff's nervous, as well as to his general system, and that the injury would thereafter have an injurious effect upon his strength and power of physical endurance. It is insisted that there was nothing in any of the averments of the complaint, which justified the admission of such evidence, and that for that reason its admission was erroneous. As will be seen by a recurrence to the complaint, it concluded with the averment, that the plaintiff had 'Thereby become wholly crippled and maimed, and prevented from actively pursuing his business, for life.' Under our decided cases, that averment was quite sufficient to let in the evidence complained of."

This is the doctrine declared in the cases of *Town of Elkhart* v. *Ritter*, 66 Ind. 136, *Indiana Car Co.* v. *Parker*, 100

Ind. 181, *Carthage T. P. Co.* v. *Andrews*, 102 Ind. 138, and *Louisville, etc., R. W. Co.* v. *Falvey, supra.*

The case of *Brown* v. *Byroads*, 47 Ind. 435, cited by the appellant, decides nothing upon the point here in dispute. The case of *Teagarden* v. *Hetfield*, 11 Ind. 522, simply decides that a complaint praying damages for unlawfully killing a mare, does not entitle the plaintiff to recover, in addition to the value of the mare, compensation for taking care of two colts which were suckling the mare at the time she was killed.

The pervading fallacy in the argument of appellant's counsel is that of undue assumption. He unduly assumes that the illness and permanent injury resulting from the tort are to be deemed special damages. On this point it is said in a very late edition of an excellent text-book, that " There is substantial uniformity of doctrine that every such subsequently developed disease, which would naturally ensue from the injury, and which can not be shown to have resulted from a sufficient independent cause, must be imputed to the author of the original injury. Though the plaintiff be afflicted with a disease or a weakness which has a tendency to aggravate the injury, defendant's negligence will still be held to be the proximate cause; and the defence that the sufferer died from an independent disease is not made out, unless it is clearly shown that death must have ensued, independent of the injury. Aggravation of an existing disease may be allowed for in the damages awarded." 2 Shearman & Redfield Neg. (4th ed.), section 742. This is substantially the doctrine of the cases already referred to, and to them may be added the cases of *Jucker* v. *Chicago, etc., R. W. Co.*, 52 Wis. 150; *Denver, etc., R. W. Co.* v. *Harris*, 122 U. S. 597; *Lake Shore, etc., R. W. Co.* v. *Rosenzweig*, 113 Pa. St. 519; *Houston, etc., R. W. Co.* v. *Leslie*, 57 Texas, 83.

The court gave to the jury this instruction: " It is not enough that the plaintiff may not have used ordinary care

while on the defendant's platform and while he was about to enter the defendant's cars (if such want of care is proved), but such want of care must have contributed to the injury, to bar the plaintiff from recovery if his right to recover is otherwise shown by the evidence."

If this instruction stood alone it would not, we incline to think, warrant a reversal, for it is well settled that a plaintiff's negligence does not preclude a recovery unless it contributed to his injury. It is not mere negligence that bars a recovery, for the negligence must also be contributory. *Nave* v. *Flack*, 90 Ind. 205; *Louisville, etc., R. W. Co.* v. *Richardson*, 66 Ind. 43, 48; 1 Shearman & Redfield Neg. (4th ed.), section 94; Wharton Neg., section 303; Cooley Torts, 679; Beach Contrib. Neg., section 3.

But the instruction must be considered with others upon the same point, and, when thus considered, it is quite clear that the appellant has no just cause of complaint, for the other instructions clearly and explicitly directed the jury that the plaintiff could not recover unless he proved that he was not guilty of contributory negligence. In one of the instructions given, the court told the jury, among other things, that the plaintiff was bound to prove by a preponderance of the evidence " that he was not guilty of any contributory negligence; that the injury complained of was received without his fault."

The court did not err in instructing the jury that they might consider the occupation of the plaintiff, and that they might give him such a sum as would fully compensate him for the injuries he received. *Louisville, etc., R. R. Co.* v. *Falvey, supra; Carthage T. P. Co.* v. *Andrews, supra; Indiana Car Co.* v. *Parker*, 100 Ind. 181, 195; *City of Indianapolis* v. *Gaston*, 58 Ind. 224.

What we have said in disposing of the questions made upon the complaint and the competency of the evidence un-

der it, disposes of the other questions made upon the instructions.

Judgment affirmed.

Filed June 16, 1888; petition for a rehearing overruled Sept. 20, 1888.