U. C. BLAKE, Administrator, Appellee, v. BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY, Appellant.

Railroads: INJURY TO PASSENGERS RIDING IN SHOW CAR: CONTRIBUTORY NEGLIGENCE. The plaintiff's intestate was an employee of a traveling theatrical company, and it was his duty, when the company was being transported from place to place, to ride in the show car, owned by the company, in order to care for the company's property carried therein. This show car, while being transported by the defendant, was placed next to the engine in one of its passenger trains, and the plaintiff's intestate, while riding therein, was killed by a collision of his train with another. In an action for damages the evidence showed that the deceased had been riding in a passenger coach, but, some time before the collision, went forward to the show car; that the show car was a strong, well built car, fitted up on purpose for the accommodation of the employees whose duty it was to remain there day and night, and care for the scenery and other property of the com-

pany, and it did not appear that the defendant's employees made any objection to the deceased riding in said car. *Held*, that it was not, as matter of law, contributory negligence for the deceased to ride in the show car, under the circumstances, but that the question as to his contributory negligence was properly submitted to the jury, and that a verdict for the plaintiff on that issue could not be disturbed on appeal.

*Appeal from Black Hawk District Court.*—HON. JOHN J. NEY, Judge.

WEDNESDAY, OCTOBER 4, 1893.

THIS is an action to recover damages for the death of one Thomas Scott, the plaintiff's intestate, who, it is alleged, was killed by reason of the defendant's negligence while said Scott was being carried as a passenger on one of the defendant's railroad trains. There was a trial by jury, and verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*O. C. Miller* and *S. K. Tracy*, for appellant.

*Boies, Couch & Boies*, for appellee.

ROTHROCK, J.—It is conceded that Thomas Scott was killed while traveling as a passenger on one of the defendant's trains. The casualty was caused by a collision with another train. There is no controversy about the liability of the defendant, except that arising upon the alleged contributory negligence of the deceased. The question in controversy is stated in the appellant's argument in the following language: "Decedent, while a passenger on defendant's train, was killed by a collision; and, therefore, at the threshold of the argument appellant's negligence must be admitted, and it should be held liable to the plaintiff for the accident, unless decedent's contributory negligence exonerates the company from liability." This is the only question in controversy on this appeal. And it may be said that there is

no real conflict in the evidence, and the question therefore resolves itself into the simple inquiry whether the jury were warranted in finding from the evidence that the plaintiff established the fact that the deceased was free from negligence which contributed to his death.

The case has once before been in this court upon an appeal by the defendant. It was reversed on the ground that the evidence showed that the deceased was guilty of contributory negligence by riding in an unsafe place on the train. See 78 Iowa, 57. It appears from the facts recited in the opinion on that appeal that the deceased was a member of a traveling theatrical troupe known as the "Lights of London." The company owned a car in which to transport its show property by railroad. There were three bunks or berths for persons to sleep in at one end of the car. This car was hauled from Albert Lea, Minnesota, to Cedar Rapids, in this state, by the defendant. It was placed in a passenger train next to the engine. The train was due at Cedar Rapids at about 2:30 in the morning. Before reaching Cedar Rapids it collided with a north-bound passenger train on the defendant's road. The deceased was in the show car when the collision occurred, and was killed by reason of the collision. The evidence upon the first trial showed that the show car was not adapted to the transportation of passengers, and it was found as a fact by this court that it was "of unusual length, high, narrow and flimsily built," and that it was negligent for Scott to ride there, unless he "was there in some manner by the consent of the railroad company." It is further said in the opinion that no one testified that it was the duty of Scott to ride in this car to care for the property. It was further found as a fact that Scott and three other showmen, after riding in one of the passenger coaches for a time, went forward to the show car, and that the conductor went into that car, and took up their tickets, and said to the four men

"that they must not ride there; that it was not a safe place to ride, and it was against the rules of the company."

The evidence upon the last trial was not the same as on the first trial. It was materially different. On the last trial there was evidence which showed that the car in which deceased was killed was a strong, well-built car, and that in the collision this car telescoped the baggage car which was attached to it in the rear. There was no evidence on the last trial that the deceased was forbidden to ride in the show car, and no evidence that the conductor, when taking up the tickets, told deceased or any other person in his presence or elsewhere that they must not ride in the show car, or that he gave any order or direction on that subject. And there was evidence on the last trial that Scott's duty to his employer required that he should ride in that car, to care for the show property, and that a stove and lamps and berths were in the car for the comfort of the employees whose duty required their presence in the car night and day in the handling of the scenery and properties. We have stated enough of the evidence on the last trial to show that it differed in many material respects from that discussed by this court upon the former appeal. There is no question in our minds that upon the last trial the question whether the deceased was chargeable with contributory negligence was a question for the jury to determine, and that its finding ought to be conclusive. Why the evidence was so radically different on the two trials is not a question for our consideration.

It is contended by counsel for appellant that the plaintiff ought not to recover, because his intestate voluntarily left the passenger coach for his own pleasure, and knowingly assumed a more hazardous place on the train, and by that act directly contributed to his death. The facts of this case do not, in our opinion,

bring it within the rule of the cases cited by counsel: In *R'y Co. v. Jones*, 95 U. S. 439, the injured party was riding on the pilot of the locomotive when he was injured. In the other cases the passenger was riding upon platforms of cars, or riding on the foot board in front of an engine. In *Jacobus v. R'y Co.*, 20 Minn. 125, it was held that where a passenger was riding in a baggage car he might recover for an injury sustained while in that position if he was there with the knowledge of the conductor of the train, and without any attempt of the conductor to enforce a rule requiring passengers not to ride in baggage cars. In *Dunn v. R'y Co.*, 58 Me. 187, the plaintiff was riding in the "saloon car" of a freight train, where the conductor permitted him to remain, and collected his fare. It was held that recovery might be had for injury sustained by reason of the company's negligence. See, also, *Creed v. R'y Co.*, 86 Pa. St. 139, where recovery was had in a case where, with the knowledge and acquiescence. of the conductor, a passenger was permitted to ride in a caboose, which was for the exclusive use of the train hands.

It is not necessary to further consider the case. Under the evidence the jury might well find that the deceased was in the direct line of his duty in riding in the show car, and that he was allowed to remain there without any effort on the part of the conductor to induce him to return to a passenger coach; and not only this, but, as the evidence is now presented, it can not be said as matter of law that riding in the show car was attended with any known hazard.

The judgment of the district court is AFFIRMED.