PEOPLES RY. CO. vs. BALDWIN'S ADMR., et al. 383

SYLLABUS.

Peoples Railway Company, a corporation of the State of Delaware, defendant below, planitiff in error, *vs.* Lewis H. Baldwin, Administrator of Etta B. Baldwin, deceased, plaintiff below, defendant in erorr.

Peoples Railway Company, a corporation of the State of Delaware, defendant below, plaintiff in error, *vs.* Lewis F. Baldwin, plaintiff below, defendant in error.

*Writs of Error—Personal Injuries—Negligence—Measure of Damages—Proximate Cause—Disease—Intervening Cause —Child's Services—Minority.*

1. In actions brought to recover damages alleged to have been caused by the defendant's negligence, the Court below charged the jury as follows, viz.: "The defendant can be held liable only for such negligence as constituted the proximate cause of the injuries complained of. * * * In order for the plaintiff in either of the cases before you to recover at all, it must be proved to your satisfaction that the defendant's negligence was the proximate cause of the injuries complained of. The plaintiffs cannot recover in either case for the effects of tuberculosis or any other disease contracted after the accident, unless it is satisfactorily shown to the jury that such disease was the natural and probable consequence of the defendant's negligence. Nor can there be any recovery for the effects of any disease contracted before the accident unless the jury are clearly satisfied from the evidence that such disease was aggravated or increased by the negligent act of the defendant, and even then recovery could be had only to the extent that such effects were so aggravated or increased." *Held,* that there was no error in the charge of the Court, and that the addition of the words insisted on by the defendant, viz., "It must appear that the injury ought to have been foreseen by the defendant in the light of the attending circumstances," would probably have tended rather to confuse than to aid the jury in reaching a proper conclusion.

2. The cases below, being for pain and suffering, loss of services and expenses, should be distinguished from those in which damages are claimed for the deaths.

3. The Court below further charged the jury as follows: "The father is entitled to the services of a minor child, and if such services were lost or impaired by the negligence of the defendant, the father is entitled to be reasonably compensated for such loss or impairment. But even if the defendant is liable, by reason of its negligence, for such loss of services, a recovery can be had only for such a sum as the evidence shows the father actually sustained on account of the injuries complained of, caused by the defendant's negligence. * * * In estimating the value of the daughter's services to the father you may consider her earnings and ability to labor." *Held* that such charge of the Court expressly limited the right of

the father to recover for loss of services and expenses during his daughter's minority; there being no suggestion in the charge that the jury might allow the father damages for the loss of services of his daughter until she would have attained twenty-one years, had she lived so long, and that there was no reason to suppose that the jury, in view of instructions given by the Court, committed any such error.

(*May* 24, 1909.)

NICHOLSON, CH., and SPRUANCE and BOYCE, J. J., sitting.

*Robert H. Richards* for plaintiffs in error.

*Walter H. Hayes* and *George N. Davis* for defendant in error.

Supreme Court, January Term, 1909.

WRITS OF ERROR to the Superior Court for New Castle County.

SPRUANCE, J., delivering the opinion of the Court:

There were two actions in the Superior Court for New Castle County brought to recover damages for injuries alleged to have been occasioned by the negligence of the defendant company, whereby Etta B. Baldwin, a minor, on August 15th, 1906, was thrown from a car of the defendant company on which she was a passenger, while passing around a curve in the railway of said company. The first of said actions, being No. 24, May Term, 1907, was brought by the said minor, Etta B. Baldwin, by her next friend, Lewis H. Baldwin. The said Etta B. Baldwin having afterwards died, her administrator, Lewis H. Baldwin, was substituted as party plaintiff.

The said administrator claimed the right to recover damages for the pain and suffering of the said Etta B. Baldwin in her lifetime occasioned by the negligence of the defendant company.

The second of said actions, being No. 30, May Term, 1907, was brought by Lewis F. Baldwin, the father of the said Etta, to recover damages for the loss of her services, and for certain

money claimed to have been expended by him, by reason of her injuries occasioned by the negligence of the defendant company.

The said two actions were tried together. In No. 24, the verdict in favor of the plaintiff was for $900, and in No. 30, the verdict in favor of the plaintiff was for $600, and judgments were entered for the same.

Separate writs of error were taken in said actions, returnable to the January Term, 1909, of this Court, when they were submitted on briefs of the parties.

The errors assigned relate only to the charge of the Court below.

The defendants contended that the record shows that the injuries sustained by the said Etta B. Baldwin were not of a serious character; that two weeks after she was injured she resumed her employment as a stenographer; that early in January, 1907, she contracted pulmonary tuberculosis, of which she died on January 12th, 1908, before she attained the age of twenty-one years; and that said disease was not caused by said injuries, but was due to an independent cause intervening between the time she received said injuries and the time she contracted said disease.

The defendants rely upon eight assignments of error, numbered 1, 2, 3, 4, 5, 7, 9 and 11; those numbered 6, 8 and 10 having been abandoned.

The defendants insist upon three propositions, the first of which, relating to the assignments of error numbered 1, 2, 3 and 4, is as follows:

"In order to warrant a finding that negligence is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence and that it ought to have been foreseen in the light of the attending circumstances."

The said last mentioned assignments of error are:

1. That the Court below erred in not charging the jury as requested by the defendant in its fourth prayer, which was as follows, viz:

"Even if the accident described in the narr was caused by defendant's negligence, the said plaintiff cannot recover for any injuries alleged to have been sustained by Etta Baldwin, the plaintiff's intestate, unless such injury or injuries are shown to the satisfaction of the jury to have been the natural and probable consequences of the said negligence, and were such injuries as ought to have been foreseen by the defendant in the light of the attending circumstances."

2. That the Court below erred in not charging the jury as requested by the defendant in its fifth prayer, which was as follows, viz.:

"In order to warrant a finding that negligence is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence and that it ought to have been foreseen in the light of the attending circumstances."

3. That the Court below erred in not charging the jury as requested by the defendant in its sixth prayer, which was as follows, viz.:

"The plaintiff cannot recover for any injuries proved to have been sustained by Etta Baldwin except such as are shown to have been the natural and probable consequences of the defendant's negligence and as ought to have been foreseen by the defendant in the light of attending circumstances."

4. That the Court below erred in not charging the jury as requested by the defendant in its seventh prayer, which was as follows, viz.:

"The plaintiff cannot recover in this cause for the effects of any disease or diseases contracted after the accident, unless such disease or diseases is or are clearly shown to have been the natural and probable consequence of the defendant's negligence, and was or were such as ought to have been foreseen by the defendant in the light of the attending circumstances."

The parts of the charge of the Court below relating to this subject are:

PEOPLES RY. CO. vs. BALDWIN'S ADMR., et al. 387

OPINION.

"The defendant can be held liable only for such negligence as constituted the proximate cause of the injuries complained of."

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

"In order for the plaintiff in either of the cases before you to recover at all, it must be proved to your satisfaction \* \* \* that defendant's negligence was the proximate cause of the injuries complained of.

"The plaintiffs cannot recover in either case for the effect of tuberculosis or any other disease contracted after the accident, unless it is satisfactorily shown to the jury that such disease was the natural and probable consequence of the defendant's negligence.

"*Brown vs. Craven*, 175 *Ill.* 413.

"Nor can there be any recovery for the effects of any disease contracted before the accident, unless the jury are clearly satisfied from the evidence that such disease was aggravated or increased by the negligent act of the defendant, and even then recovery could be had only to the extent that such effects were so aggravated or increased.

"*R. R. Co. vs. Heecht*, 115 *Ind.*, 443; and numerous cases there cited.

"We say to you, therefore, that no recovery can be had for the effects of any disease contracted or suffered by Etta B. Baldwin which was not the natural and probable consequence of the defendant's negligence.

"The question always is, was there an unbroken connection between the wrongful act and the injury—a continuous operation; did the facts constitute a continuous succession of events so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? Unless the evidence of the plaintiff is sufficient to show the connection between the immediate cause of the death and the injury received the plaintiff cannot recover for the effects or consequences of the disease that caused the death.

"*Weber vs. Third Ave. R. R. Co.*, 12 *N. Y. App. Div. Sup. Ct.*, 514.

In no event can damages be allowed except such as resulted directly from the negligent act of the defendant.   Damages produced by other agencies than those causing the injury cannot be awarded as proper compensation.

"6 *Thomp. on Neg., Sec.* 7193.

"In the discussion of this subject the defendant's principal cause of complaint was that the Court below omitted to say to the jury that to warrant a finding that the defendant's negligence was the proximate cause of the injury complained of, it must appear that the injury "ought to have been foreseen in the light of the attending circumstances."

In view of the facts and circumstances of this case the addition of the words insisted on by the defendants would probably have tended rather to confuse than to aid the jury in reaching a proper conclusion.

That the said Etta B. Baldwin was injured by the negligence of the defendant abundantly appears by the record, and it was so found by the jury.

The charge of the Court strictly confined the jury in their assessment of damages to those things which were the natural and probable consequences of the defendant's negligence.

This case should be distinguished from those in which damages were claimed for the death of a person, where it was insisted on the one hand that the death was caused by the injury received, and on the other hand that the death was the result of some other intervening cause.

It is not necessary for us to consider the question whether the injuries complained of, caused the death of the said Etta B. Baldwin, as damages for her death were not claimed in either of the said actions.   This was fully stated to the jury in the charge, as follows:

"After the death of Etta B. Baldwin, her administrator, Lewis F. Baldwin, was made party plaintiff in her stead, and is now prosecuting that case.   He is not, however, seeking to recover damages for the death of Etta B. Baldwin, but only damages for her pain and suffering resulting from the injuries she

PEOPLES RY. CO. vs. BALDWIN'S ADMR., et al. 389

OPINION.

sustained on account of the said accident and negligence of the defendant.

The other case which you are trying was brought by Lewis F. Baldwin, the father of Etta B. Baldwin, to recover damages alleged to have been sustained by him on account of the loss of his daughter's services, and expenses incurred by him in the effort to cure her, occasioned by the injuries she received in the said accident, and which he alleges were caused by the negligence of the defendant. Neither is it sought in this case to recover damages for the death of Etta B. Baldwin, but only such damages as the father suffered on account of the loss of his daughter's services, and expenses incurred in attempting to cure her."

In our opinion the charge of the Court as to the proximate cause of the injuries complained of, is full, clear and sufficient, and in accordance with numerous approved cases in the courts of this State.

The defendant's second proposition relates to the fifth assignment of error, which is as follows:

5. That the Court below erred in not charging the jury as requested by the defendant in its ninth prayer, which was as follows, viz.:

"If the tuberculosis from which Etta B. Baldwin suffered for a long time prior to her death was caused by her vitality having been so reduced, by an injury resulting from defendant's negligence, as to make her unable to throw off the germs of tuberculosis which attacked her through the lungs, the defendant would not be liable for any pain, suffering, loss of earning power or loss of services due to the tuberculosis, because the reception into the lungs of the germs of tuberculosis would be a new and independent cause, intervening between the original injury and the result, for which the defendant would not be liable."

In support of this contention the defendants rely upon the case of *Weber vs. Third Avenue Railway Company*, 12 *N. Y. Appellate Div.*, 520, which was an action to recover damages for the death of Weber. The Appellate Court, having found from an examination of the evidence that his death was caused by

tuberculosis, a new and independent cause intervening between his injuries and his death, and that the tuberculosis was not caused by said injuries, it was properly held that said injuries were not the proximate cause of his death.

In the cases now before us the inquiry was not as to the cause of the death of the said Etta B. Baldwin, but as to the damages which before her death were "the natural and probable consequence of the defendant's negligence." To this latter inquiry the charge of the Court strictly confined the jury, and there is nothing in the record to show that the jury exceeded the limit prescribed by the Court.

For these reasons, the omission to charge as stated in the said fifth assignment of error was immaterial.

The defendant's third proposition is:

"At the common law, when a minor dies by reason of injuries received through the negligence of another but when the death is not instantaneous (that is not simultaneous with the accident which caused the injury) the father of such minor cannot recover for the loss of the services of the minor beyond the date of his death."

This proposition relates to the assignments of error numbered 7, 9 and 11, which apply only to No. 30, the action by the father of the said Etta B. Baldwin, and are as follows:

"7.    That the Court below erred in not charging the jury as requested by the defendant in its seventeenth prayer, which was as follows, viz:

'That the jury be instructed, in case they should find for the plaintiff in No. 30, that damages for the loss of services of Etta B. Baldwin cannot be allowed beyond the date of the death of Etta B.  Baldwin.' "

"9.    That the Court below erred in charging the jury as follows, viz:

'The father is entitled to the services of a minor child until the child reaches the age of twenty-one years, and if such services were lost or impaired by the negligence of the defendant, the

PEOPLES RY. CO. vs. BALDWIN'S ADMR., et al. 391

OPINION.

father is entitled to be reasonably compensated for such loss or impairment.' "

"11. That the Court below erred in charging the jury as follows, viz:

'If you should find in favor of the plaintiff in the case brought by Lewis F. Baldwin, the father of Etta B. Baldwin, for the loss of services and expenses incurred, your verdict should be for such a sum as you believe from the evidence would have been the pecuniary value to the plaintiff of the services of his daughter during her minority when rendered unable to work by reason of injuries caused by defendant's negligence.' "

As to the father's right to recover for the loss of the services of his minor child the Court further charged as follows:

"The father is entitled to the services of a minor child, and if such services were lost or impaired by the negligence of the defendant, the father is entitled to be reasonably compensated for such loss or impairment. But even if the defendant is liable by reason of its negligence, for such loss of services, a recovery can be had only for such a sum as the evidence shows the father actually sustained on account of the injuries complained of, caused by the defendant's negligence, and not for any loss of services caused by affliction, sickness, disease or anything else that did not result from the accident and defendant's negligence. In estimating the value of the daughter's services to the father you may consider her earnings and ability to labor."

The said third proposition is a correct statement of the common law rule limiting the right of the father to recover for the loss of the services of the minor to the time before the death of the minor, and there is no statute of this State altering said rule.

This rule was recognized in the case of *Kennedy vs. The Delaware Cotton Company*, 4 *Pennewill*, 477, and is applicable to said action by the father.

The said Etta B. Baldwin, having died during her minority, her father was not entitled to recover for loss of her services after her death, because the time following her death was not during her minority which ended with her death.

The charge of the Court expressly limited the right of the father to recover for loss of services, and expenses, during his daughter's minority. There was no suggestion in the charge that the jury might allow the father damages for the loss of services of his daughter until she would have attained twenty-one years, had she lived so long, and there is no reason to suppose that the jury, in view of the instructions given by the Court, committed any such error.

The evidence on behalf of the father tended to show that the value of the lost services of his daughter before her death and the expenses incurred by him in her behalf before her death, far exceeded the sum of $600.00, the amount of the verdict recovered by him.

We are satisfied that none of the alleged errors assigned injuriously affected the rights of the defendant. As was said by the Supreme Court in *P. & R. R. Co. vs. Winkler*, 4 *Pennewill*, 291, "It is an established rule in this Court that it will not reverse a judgment when it is clear that the error assigned could not and did not prejudice the rights of the party against whom the ruling was made."

Finding no reversible error, the judgments below are affirmed.