THOMAS R. DAVIS, Appellant, v. THE IOWA CENTRAL RAILWAY COMPANY.

**Railroads:** INJURY TO PASSENGER: CONTRIBUTORY NEGLIGENCE. In this action for injury to plaintiff while riding in the baggage compartment of a combination car there was evidence that passengers were permitted to use the baggage compartment as a smoking room, and it is held that such permission amounted to an implied invitation to so use the room, and that plaintiff was not therefore guilty of contributory negligence as matter of law by being in the compartment for that purpose at the time of his injury.

*Appeal from Mahaska District Court.*—HON. K. E. WILCOCKSON, Judge.

WEDNESDAY, FEBRUARY 16, 1910.

SUIT to recover damages for a personal injury. There was a directed verdict for the defendant, and from a judgment thereon the plaintiff appeals. *Reversed.*

*John F.* and *Wm. R. Lacey,* for appellant.

*George W. Seevers, W. H. Bremner,* and *John O. Malcolm,* for appellee.

SHERWIN, J.—The plaintiff was a passenger on one of the defendant's trains which consisted of freight cars and a combination coach for passengers, trainmen, and baggage. The combination coach was in two compartments, one of which was supplied with seats for passengers, and the other was used for baggage, etc. There were several other passengers on the train at the time, and among the

number were two ladies and a baby. The train became stalled in snow, and remained there some time. The conductor and another trainman left the coach, stating as they did so that they were going to help shovel the snow away so that the train could be moved. As they left the coach, the plaintiff and two or three other men went into the baggage room for the purpose of smoking. They had been there fifteen or twenty minutes, when a violent and sudden movement of the combination coach inflicted injuries complained of. A verdict was directed on the ground that the plaintiff was guilty of contributory negligence, and that is the only question argued by the appellee.

There was testimony tending to show that, while the car was thus standing, the plaintiff urinated from one of the side doors thereof, and that just as he turned to leave the door the collision occurred that caused his injuries. There was also evidence tending to show that the baggage compartment of these combination coaches was commonly used by the passengers on the defendant's trains for smoking purposes, and that such use was known to the defendant's employees in charge of its said trains and was acquiesced in by them. It was also shown that the conductor of the train in question knew that the plaintiff and other passengers were in the baggage room when he left the coach just before the accident. If it be true that passengers were generally permitted to use the baggage compartment as a smoking room without objection on the part of the defendant, such permission would amount to an implied invitation to so use it, and under such circumstances it should not be said as a matter of law that the plaintiff was at the time in question guilty of contributory negligence. *Sutherland v. Insurance Co.*, 87 Iowa, 505; *Blake v. Railway Co.*, 89 Iowa, 8; *Quackenbush v. Railway Co.*, 73 Iowa, 458; *Fitch v. Traction Co.*, 124 *Iowa*, 665; *Jacobus v. Railway Co.*, 20 Minn. 125 (Gil. 110, 18 Am. Rep. 360); *Dunn v. Railway*, 58 Me. 187 (4 Am. Rep. 267). It is said that the plaintiff

was negligent in his use of the side door; but the evidence tends to show that he had at the time attended to the call and turned away from the door. In any view which may be taken of the case, we think the question of contributory negligence was for the jury. The judgment is therefore *reversed.*