May Term, 1854.

CRABS
v.
MICKLE.

CRABS and Others *v.* MICKLE.

A party assented to the submission of issues to the jury which were properly triable by the Court. The evidence given on the trial of the issues was brought to the attention of the Court, on a motion by said party for a new trial. *Held*, that there was no error.

Objections to evidence must be made specifically at the time it is offered, and not generally, at the close, to all the evidence.

The grounds of objection to evidence must be stated, if demanded by the Court.

ERROR to the *Kosciusko* Circuit Court.

*Tuesday, May 30.*

PERKINS, J.—Debt by *Mickle* against *Crabs* and his sureties on a bond executed in a replevin suit. Judgment below for the plaintiff for 200 dollars.

The closing paragraph of the brief of the counsel for the plaintiff in error sums up the objections relied upon here, as follows:

"1. A cause of action had not accrued when this suit was commenced, the action of replevin being still pending in Court.

"2. The first and second issues should have been tried by the Court, [being, in effect, it is claimed, *nul tiel record*].

"3. The testimony objected to should have been rejected as neither relevant to the issue, nor admissible to increase damages.

"4. The damages were outrageously excessive."

1. On the first point, the evidence does not seem to sustain the objection.

2. The first and second issues were voluntarily submitted to the jury, and the proofs upon them were brought under the consideration of the Court on a motion for a new trial; and we see no reason now why the party should here insist upon an act as error to which he assented below.

3. As to the admission of the evidence objected to, there are existing two rules touching the point.

1. Objections to evidence must be specific, made to particular items of evidence when offered, and not general, at the close, to all the evidence that may have been offered.

2. The ground of the objection to the particular item must be stated if called for.

In this case the objection was general to all the evidence, at its close, and, hence, was not to be noticed.

4. We think we are not at liberty to set aside the judgment on the ground of excessive damages.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*J. R. Slack* and *W. March*, for the plaintiffs.

*J. Morrison* and *S. Major*, for the defendant.