*A. Ellison,* for the appellant.

---

DARNALL *v.* HAZLETT.

Where the record does not show that an objection to the admission of evidence
was made at the time each item of the evidence objected to was offered, the
admission of it is not available as error.

*Wednesday,*    APPEAL from the *Boone* Circuit Court.
*January 12,*
1859.    HANNA, J.—*Darnall* sued *Hazlett* to set aside a contract,
and to recover 500 dollars and interest.

The facts alleged in the complaint are, that *Hazlett* re-
presented himself to be the owner of a certain tract of land,
by purchase at a public sale made by the auditor and treas-
urer of state as sinking fund commissioners, the same hav-
ing been mortgaged to the state, forfeited, and regularly
sold; that he held the auditor's certificate, which entitled
him or his assignee to a deed; that he purchased the same,

relying on said statements, for 650 dollars, of which, 500 dollars was paid; that, in fact, the sale was made by the officers of state, in collusion with said *Hazlett*, to defraud and cheat the mortgagor—no notice having been given thereof—and was, therefore, void. Prayer, that he recover back the 500 dollars paid for the assignment of said certificate, and to set aside said contract.

The defendant answered—first, by a denial; secondly, that he purchased of the officers of state, in good faith, paid 146 dollars, and became responsible for 200 dollars more; that he did not misrepresent the title to the plaintiff; but that the plaintiff represented himself as the agent of the mortgagor, and sought to obtain the interest of the defendant acquired by said purchase, and represented that the title of the defendant to said land was not good, but that he, the plaintiff, preferred purchasing the same rather than to seek to recover the land by a lawsuit; and that, thereupon, the defendant sold and assigned his interest in the same to said plaintiff, and took the assignment of the certificate to himself, pretending that he did so that he might thereby secure the money advanced for the mortgagor.

To this there was a denial by the plaintiff.

The case was tried by the Court without a jury. Finding for the defendant. New trial refused, and judgment on the finding.

Two errors are assigned—first, upon the admission of evidence; secondly, upon the refusal of a new trial.

We cannot determine the first, because the objection to the evidence was too general, and no exception appears to the ruling of the Court upon the objection.

The evidence appears in what purports to be a bill of exceptions, after which occurs this language: "The plaintiff objected to the evidence." Then follow the reasons for the objection. The record does not show that the objection was made at the time each item of the evidence was being offered, and that upon the ruling of the Court thereon exception was taken. *Crabs* v. *Mickle*, 5 Ind. R. 145.

*Nov. Term, 1858.*

DARNALL
v.
HAZLETT.

Nov. Term,
1858.

We have examined the evidence, and cannot disturb the ruling of the Court upon the second point made.

*Per Curiam.*—The judgment is affirmed with costs.

*C. C. Nave*, for the appellant.

*L. C. Dougherty, S. C. Willson*, and *J. E. McDonald*, for the appellee.