## WALLS and Others *v.* JOHNSON and Others.

Where property seized by a sheriff on execution is replevied from his possession, and a judgment is afterward rendered in his favor for a return, the execution plaintiff may join with the sheriff in an action on the replevin bond.

*Quære:* Whether the sheriff might not sue alone, as trustee, or assign the bond to the execution plaintiff.

If a judgment of return in a replevin suit can be impeached by the sureties for fraud, in making their defense to an action on the bond, it must be for the fraud of the defendant in that suit, and not for the fraud of the plaintiff in letting the judgment go.

In an action on a replevin bond, for a failure to return the property according to the judgment, if the property could have been returned and was not, but was converted, interest on the value of the property from the date of the judgment of return may be allowed as damages.

APPEAL from the *Putnam* Circuit Court.

PERKINS, J.—*Lucien Lemon*, becoming pecuniarily embarrassed, made an assignment of his property to *John C. Turk* and *M'Cauney Hartly*. Certain judgment creditors of *Lemon* caused executions to be issued, placed in the hands of sheriff *Johnson*, and levied on said goods. *Turk* and *Hartly*, the assignees, replevied the goods, and executed the following obligation, viz.,

"*M'Cauney Hartly* and *John C. Turk* } *Putnam* Circuit Court, *April* term, A. D., 1855.    
*v.*
*Anderson Johnson.*

"We undertake that *M'Cauney Hartly* and *John C. Turk* shall prosecute this action with effect, and without delay, and return the property in controversy to the defendant, [sheriff *Johnson*,] if a return shall be adjudged by the Court, and pay him all such sums of money as he may recover against the plaintiffs in this action, [*Turk* and *Hartly*,] for any cause whatever,      (Signed,)    JOHN C. TURK,
                        M. C. HARTLY,
                        CLINTON WALLS,
                        WILLIAM KINSLER,
                        JEFFERSON WALLS."

"Approved by me, *February* 14, 1855,
           "GREENUP LEE, Cor. of *Putnam* County."

*Turk* and *Hartly* did not prosecute the suit to effect, and a return of the goods was adjudged, but was not made. The sheriff, and the execution plaintiffs for whom he seized the property, join in this suit upon the foregoing obligation for the return of the property. We think they were all beneficially interested in it. Perhaps the sheriff might have sued alone, as a trustee, and perhaps he might have assigned the instrument to the execution plaintiffs; but we see no objection to the suit as brought. The sheriff is interested to the amount of his costs.

The sureties in the instrument sued on, viz., *Walls*, *Kinsler* and *Walls*, allege in their answer, that the judgment for the return of the property to the defendant in the replevin suit was fraudulent; in this, that the suit was badly managed by *Turk* and *Hartly*, the assignees; that they swore hard, &c., and that they thus acted in conspiracy with the execution plaintiffs, "or some one of them." But they specify no act of participation whatever of any one of them in the alleged wrongful acts of the assignees; while the assignees allege as the reason why they did not return the property pursuant to the judgment, that their sureties, now complaining co-defendants in this suit, took possession of it, and appropriated it to their own use.

The Court held the answer bad. We think the holding was correct. Admitting, without deciding, that under the code, the judgment might be impeached in this collateral suit, for fraud, (see *Hutton* v. *Denton*, 2 Ind. 644,) still it must be for fraud of the defendants in recovering the judgment, not for misconduct of the plaintiffs in the suit, in letting judgment go against them. For that misconduct the sureties became responsible by their obligation, and should have attended at the time, and seen to it that the suit was properly conducted.

In the replevin suit, it was the duty of the Court to have given judgment for the value of the property, if it could not be returned. That judgment, if rendered, would have drawn interest from its rendition. If the property could have been returned, pursuant to the judgment of return, and was not, but was converted by the obligees in the instrument sued on, we think the jury might allow interest on the value of the property from the date of the judgment of return, as damages, in a suit on the written obligation for return, or payment of damages. Ind. Dig., p. 55, *et seq.;* *Crabs* v. *Mickle*, 5 Ind. 145; Ind. Pr., p. 606; and 2 R. S., p. 122, which authorizes the giving of damages for the detention of property.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*J. P. Usher* and *J. Cowgill*, for the appellants.

*R. L. Hathaway* and *W. A. McKenzie*, for the appellees.