Duvall v. Kenton.

No. 14,727.

DUVALL v. KENTON.

EVIDENCE.—*Expert Testimony.*—*Instruction.*— *Weight.*—*Interest.*—An instruction that " The jury, in judging of the weight of expert evidence, should consider the character of the witness and the interest, if any, he has in the case," is erroneous.

From the Jasper Circuit Court.

*E. P. Hammond* and *W. B. Austin*, for appellant.
*S. P. Thompson*, for appellee.

COFFEY, J.—This was an action by the appellant against the appellee to recover damages for the death of a horse. The complaint alleges, in substance, that the appellant was the owner of a stallion, about three years of age, of the

value of one hundred and twenty-five dollars; that he employed the appellee, who held himself out as an expert in castrating horses, to castrate said stallion, and to attend and treat him until he should be cured of the wounds and injuries occasioned thereby; that the appellee accepted and entered upon said employment, but conducted the same so negligently and unskilfully, and was so negligent and unskilful in attending and dressing the wounds thereby inflicted that said stallion died from the effects thereof, without any fault or negligence on the part of the appellant.

A trial of the cause by a jury resulted in a verdict for the appellee, upon which the court, over a motion for a new trial, rendered judgment.

The assignment of error calls in question the correctness of the ruling of the court in overruling the motion for a new trial.

It is contended by the appellant that the verdict of the jury is not supported by the evidence. The evidence in the cause is conflicting upon all the material issues in the cause and its weight was for the jury.

It is also contended by the appellant that the court erred in refusing to give to the jury certain instructions asked by him, and that it also erred in giving to the jury certain instructions asked by the appellee.

We have carefully examined the instructions given by the court, as well as those refused. We do not think the court erred in refusing to give the instructions asked by the appellant. In so far as they correctly stated the law, they were covered by the instructions given by the court. Nor do we think the court erred in giving any of the instructions asked by the appellee, except the eleventh. The eleventh instruction asked by the appellee, and given by the court, is as follows: "The opinions of experts are received in evidence, and may be considered and weighed from a consideration of the skill of such experts and the truth of the hypothesis on which his opinion is based. The jury in

judging of the weight of expert evidence should consider the character of the witness and the interest, if any, he has in the case."

Instructions of this character have often been adjudged by this court to be erroneous. *Nelson* v. *Vorce*, 55 Ind. 455; *Millner* v. *Eglin*, 64 Ind. 197; *Greer* v. *State*, 53 Ind. 420; *Works* v. *Stevens*, 76 Ind. 181; *Fulwider* v. *Ingels*, 87 Ind. 414; *Finch* v. *Bergins*, 89 Ind. 360; *Woollen* v. *Whitacre*, 91 Ind. 502; *Hartford* v. *State*, 96 Ind. 461; *Lewis* v. *Christie*, 99 Ind. 377; *Union Mut. L. Ins. Co.* v. *Buchanan*, 100 Ind. 63; *Unruh* v. *State, ex rel.*, 105 Ind. 117; *Bird* v. *State*, 107 Ind. 154; *Cline* v. *Lindsey*, 110 Ind. 337.

In the case of *Unruh* v. *State, ex rel., supra*, the instruction was as follows: "The relatrix and defendant have testified, and they are both interested in the event of the suit. This fact should be considered in weighing their evidence, in connection with the other facts and circumstances which I have indicated apply to witnesses generally." The court said of this instruction: "It very clearly discredits the parties named, because they are interested in the event of the suit. The charge is, that it was the *duty* of the jury to consider the fact that the parties named were interested in the event of the suit. The jury would not understand that on account of that interest greater weight was to be given to the testimony of interested parties. Very clearly, they understood that they were to give less weight to that testimony."

The jury are the exclusive judges of the weight to be given to the testimony of any witness, and an instruction which hampers them in the exercise of their duty in that respect is erroneous.

Expert witnesses were called and testified on behalf of the appellant, and we can not say that he was not prejudiced by the above instruction. The jury were plainly told that if any of such witnesses were interested in the event of the suit, that fact *must* be considered by them in weighing such testimony.

From the circumstances attending the trial of the cause the jury may have reached the conclusion that some of the expert witnesses called by the appellant felt an interest in the result of the trial.

Judgment reversed, with directions to grant a new trial.

Filed Feb. 4, 1891.