Newlon *v.* Tyner.

Filed June 11, 1891.

---

No. 14,765.

NEWLON *v.* TYNER.

PRACTICE.—*Objections to Evidence.— Vouchers.—Submission to Expert Witnesses.—Motion to Strike Out.* —Where the defendant submits to the plaintiff's expert witnesses checks and vouchers, not papers in the cause, which purport to be in the genuine handwriting of the defendant, but which were not, in fact, in his handwriting, and did not bear his genu-

ine signature, and cross-examines the witnesses as to their genuineness, without objection on the part of the plaintiff, and the plaintiff re-examines the witnesses as to such checks and vouchers, no question of the competency of the evidence is presented by a motion to strike out.

From the Clinton Circuit Court.

*J. N. Waugh, J. P. Kemp* and *J. V. Kent*, for appellant.

*G. H. Gifford, J. M. Fippen, S. O. Bayless, R. P. Beauchamp* and *W. W. Mount*, for appellee.

OLDS, C. J.—This is an action brought by the appellant against the appellee to recover $10,000 damages alleged to have been sustained by reason of the appellee having debauched and carnally known the wife of the appellant.

Issues were joined and there was a trial had, resulting in a verdict and judgment in favor of the appellee.

The sole question sought to be presented, and which is discussed, relates to the admission of evidence. It became a vital question in the case as to whether or not the appellee had written certain letters which were offered in evidence, and which, if written by the appellee, tended strongly to establish his intimacy with the wife of the appellant. The appellee denied having written the letters.

The appellant called some nine or more expert witnesses to testify, some of whom were acquainted with appellee's handwriting, and all of whom showed themselves competent to speak upon the question, and who had made an examination of the disputed letters, and compared the writing with other writings of the appellee admitted to be genuine, and the witnesses testified and gave their opinion that they were written by the same person and by the appellee. On cross-examination of these witnesses counsel for the appellee placed in the hands of each of them what purported to be genuine checks on a bank, signed by appellee, and vouchers in an estate purporting to have been written by the appellee, and examined each of said witnesses as to their opinion in regard to such checks and vouchers having been written

by the same person who wrote the other writings in regard to which they had been questioned in chief, and some, if not all of said witnesses, testified that they were written by the same person.

The cross-examination of all of said witnesses proceeded to the close without objection on the part of the appellant, and they were re-examined in regard to such checks and vouchers by counsel for appellant.

After the appellant had introduced all of his evidence in chief in support of his complaint, and just previous to resting his case, he filed his motion " to strike out and take from the consideration of the jury each and every question and each and every answer to such question respectively and severally asked by the defendant's counsel on cross-examina- tion of witnesses presented by the plaintiff, as to the several bank checks purporting on their face to have been executed by William J. Tyner, or William J. Tyner, guardian, and designated in this cause as exhibits 1, 2, 3, 4, 5, 6 and 7, and also what purports to be vouchers in the Cox estate, purport- ing to be signed by M. A. Pershing, and being noted in the evidence as exhibits 8, 9, 10, 11 and 12, and the cross-ex- amination as to each of them separately and severally for the following reasons," stating numerous specific reasons in support of the motion.

The court overruled the motion, and the appellant ex- cepted.

The question of the competency of this evidence, and as to whether it was proper cross-examination, is fully and ably discussed by counsel, but before considering the question as to the competency of the evidence, it must first be determined whether or not the question of the competency of the evi- dence is presented by the motion to strike out in such a way that it was error for the court to overrule the motion. If no such question is presented by this motion, then the ques- tion of its competency is not before us to pass upon.

If, during the cross-examination, the appellant had objected

to the exhibition of the checks and vouchers to the witness, or objected to questions propounded in relation thereto, and if his objection had been overruled and exceptions reserved to the ruling, and he had assigned the ruling as grounds for a new trial in his motion, the question of competency would have been presented, but it does not appear that any objection was made to the cross-examination.

Objections to the competency of evidence ought to be seasonably made.

To hold that the question as to the competency of this evidence is properly presented by the motion to strike out in this case is to establish a principle and rule of practice by which counsel may sit by and permit the cross-examination of a score or more of witnesses as to illegitimate facts without objection to a single question, and re-examine as to the same, intermingling the incompetent with the competent, and if at the end of a day or a week's examination he concludes the evidence is detrimental to him, he can move to strike it out, and the court must sustain the motion or it will constitute reversible error. We do not think this is proper practice.

When a question is propounded, if it is incompetent, if counsel desire to save any question in regard to it, he should interpose an objection, and state specifically his grounds of objection. If it be answered before there is an opportunity to object, or if the question be competent and the answer incompetent, then the competency of the evidence may be properly presented by a motion to strike out. The competency of testimony may be presented by proper objection to a question, or by a motion to strike out if the motion be seasonably made.

We do not intend to be understood that counsel must follow every incompetent question relating to a particular line of evidence with an objection in order that he be in position to avail himself of the error in its admission.

When an objection is made and overruled to a question

eliciting a certain line of evidence, and an exception is reserved, it is just as available for the reversal of a judgment as if it was repeated every time the same or a similar question was propounded to any witness.   But what we do hold is that where, as in this case, a party permits the examination or cross-examination of a number of witnesses, eliciting from each of them certain evidence of the same character without objection, and cross-examines or re-examines such witnesses as to such matter, he can not wait until after such examination has concluded, and all of that character of evidence has been elicited, and then present a motion to strike it out, and avail himself of an erroneous ruling on the motion to reverse the cause.   If he desires to present a question as to the competency, he must do so while the evidence is being introduced ; if he does not he waives any objection to it, unless it be in a case where its competency or incompetency depends upon some fact developed subsequently to the introduction of such evidence.   This doctrine has been heretofore enunciated by this court.

In the case of *Brown* v. *Owen*, 94 Ind. 31, it is said : " It is insisted that the court below erred in refusing to strike out certain questions and answers.   It is a sufficient answer to this to say that no objections having been made to either questions or answers, the objection by a motion to strike out comes too late." *McCarty* v. *Waterman*, 96 Ind. 594 ; *Jones* v. *State*, 118 Ind. 39.

The papers exhibited to the witnesses are designated as exhibits, and do not appear to have been introduced in evidence, at least we are not referred to any part of the voluminous record in the case where such checks and vouchers had been offered or admitted in evidence prior to the making of the motion to strike out the evidence.   The part of the record referred to only shows that counsel exhibited them to and placed them in the hands of the witnesses on cross-examination, nor did it appear that up to the filing of the motion to

strike out any evidence was offered to show whether they were, or were not, genuine.

The motion to strike out the evidence came too late in this case to present any question as to the competency of the evidence, and therefore we do not consider the question of its competency.

There is no error in the record.

Judgment affirmed, with costs.

Filed April 4, 1891.

## ON PETITION FOR A REHEARING.

OLDS, J.—Counsel are so earnest in their appeal for a rehearing in this case that we feel like adding a word in addition to what we have said in our original opinion. Counsel exhibit a great deal of warmth in their argument against the opposing counsel in the case, and seem to feel that an advantage was gained by a trick in the trial of the cause, and that the opinion in this case gives license to an unfair practice. In this counsel are very much in error. It must be presumed, in favor of the trial court, that if anything had occurred by which one party had gained an advantage by a trick, or unfair practice, as counsel characterizes the conduct of opposing counsel in this case, the trial court would have righted the wrong by setting aside the submission, or granting a new trial. This court, by its decision, gives no countenance to unfair practices. A proper result seems to have been reached under the evidence. The wrong and error complained of by counsel are on account of the court permitting counsel for appellee, on cross-examination of appellant's expert witnesses, to submit checks and vouchers to them which purported to be in the genuine handwriting, and signatures of the appellant, but which were not, in fact, in his handwriting, and did not bear his genuine signature, and to cross-examine the witnesses in regard to them, and take their opinion as to their genuineness. They were not papers in the case, and such examination was not proper, unless

they were admitted by the appellant to be genuine; and it was the duty of the appellant and his counsel to ascertain definitely as to their genuineness before permitting such examination, or allowing them to be treated as genuine, and such examination to proceed. It is the duty of counsel to be vigilant. If an objection had been interposed the examination would not have been proper. *Hazzard* v. *Vickery*, 78 Ind. 64; *Shorb* v. *Kinzie*, 80 Ind. 500; *Cox* v. *Dill*, 85 Ind. 334.

We did not say, in the original opinion, what we have now said, as no good could come of saying it, and we have only added what we now say by reason of the earnestness with which counsel have urged their petition, and because they seem to feel that their case had been hastily considered, though in this they are in error.

The petition for a rehearing is overruled.

