## THE WYSOR LAND COMPANY *v.* JONES.

[No. 2,754. Filed Jan. 23, 1900.     Rehearing denied April 3, 1900.]

COMPLAINT.—*Work and Labor.—Street Improvements.—Plans and Specifications.—Exhibit.*—In an action for a balance due for work and labor performed in grading and graveling streets at a certain price per cubic yard, as specified in a written contract, it was not necessary to make the plans and specifications a part of the complaint. *pp. 455, 456.*

VERDICT.—*Special Finding.—Conflict.*—The general verdict must stand as against answers to special interrogatories, unless there be such an irreconcilable conflict that by no reasonable hypothesis they can both stand. *p. 456.*

EVIDENCE.—*Review.*—Where there is evidence to sustain the verdict, the Appellate Court will not review a disputed question of fact. *pp. 456-458.*

SAME.—*Objection.—Waiver.*—The failure to object at the proper time to the admission of evidence waives the error, if any was committed, and, in such case, a motion to strike out comes too late. *p. 458.*

APPEAL AND ERROR.—*Briefs.—Argument.—Waiver.*—The bare statement of a question in a brief is not such a presentation thereof as will avoid a waiver. *p. 459.*

MOTIONS.—*Appeal and Error.*—A motion to strike out all evidence tending to prove certain promises and agreements is not sufficiently specific, where the witnesses who so testified were not designated, nor the attention of the court called to the particular questions and answers sought to be stricken out. *p. 459.*

From the Delaware Circuit Court. *Affirmed.*

*C. L. Medsker* and *H. J. Hilligoss*, for appellant.

*R. S. Gregory, A. C. Silverburg, O. J. Lotz* and *W. P. Koons*, for appellee.

HENLEY, J.—Appellee was the plaintiff in the lower court. His complaint consisted of four paragraphs. Appellant filed a motion to require appellee to make the first and third paragraphs of complaint more specific. This motion was overruled. Appellant's demurrer, directed to each paragraph of complaint, was also overruled. Appellant answered in four paragraphs, the fourth paragraph being a counterclaim. Each paragraph of answer and the counterclaim were held sufficient as against a demurrer for want of facts. A reply in general denial completed the issues. The cause was tried by a jury, resulting in a verdict for appellee, and, over appellant's motion for a new trial, judgment was rendered in favor of appellee for $1,950.75, the amount of the verdict. It is assigned as error that the court erred in overruling the demurrers to each paragraph of the complaint; that the court erred in overruling the motion to make the first and third paragraphs of the complaint more specific; that the court erred in overruling appellant's motion for judgment upon the answers to interrogatories, and that the court erred in overruling the motion for a new trial.

The first and third paragraphs of complaint are based upon a written contract, a copy of which is filed with and made a part of each paragraph. The second and fourth paragraphs of complaint are for work and labor done, the work and labor done and claimed for under the second paragraph being the same as is claimed for under the written contract; the work and labor claimed for in the fourth paragraph being other and different work. The demand is for a judgment for the balance due upon the written contract and the additional amount claimed under the fourth paragraph of complaint. The contract, which is the foun-

dation of the first and third paragraphs of complaint, is as follows: "This indenture witnesseth that the Wysor Land Company has this day bargained and sold, and do hereby sell, to Levi J. Jones, of the city of Muncie, Delaware county, State of Indiana, lots one, two, three, four, five, six, seven, eight, nine, ten, eleven, twelve, and thirteen, in block number nineteen in the Whitely Land Company's second addition to the city of Muncie, State of Indiana, for and in consideration of the sum of $3,000, to be paid for on the terms and conditions as follows: The said Levi J. Jones hereby agrees to construct by grading and graveling Columbus avenue, Mulberry street, the north end of Jefferson street from the point where now finished, Madison street, Myrtle avenue, and Maple avenue in that portion of the Whitely Land Company's second addition to the city of Muncie, as aforesaid, now owned and held by the Wysor Land Company as aforesaid; the said streets and avenues to be constructed to a final completion in the order above named, grading to the survey and plats of the civil engineer under the directions of our general manager, W. J. Hilligos, who shall have charge and direction of said work as the same shall progress from time to time as the Wysor Land Company may direct. It is also agreed that the said Jones shall have credit on said purchase price of said lots herein agreed upon to the full amount of the cost price on the completion of Columbus avenue and Mulberry street, and in the construction of all other streets herein named as soon as the streets are finished. The price agreed upon at which said Jones shall grade and gravel said streets and avenues aforesaid is fifteen cents per cubic yard for removing the dirt from said streets, which is to be placed on lots and fills as the work progresses, and as may be directed by our manager, said Hilligos. The gravel necessary to complete said streets is to be furnished by the Wysor Land Company at their gravel bank, located on the bank of White river, in the said Whitely Land Company's first addition, without

cost to said Jones; he to receive the sum of forty-five cents per cubic yard for hauling and placing the same upon the streets as aforesaid. It is further agreed and understood by the parties hereto that, as soon as the said Jones shall have done work and completed said streets in the order named to the amount of $1,000, the said Wysor Land Company is to execute to the said Jones their warranty deed to said lots aforesaid, and the said Jones is to execute his note and mortgage to the said Wysor Land Company in the sum of $2,000, the balance of the purchase price of said lots, due in one year from the date of this agreement. It is further agreed and understood that the work of the construction of the streets and avenues as aforesaid is to apply from time to time as estimates may be made to said ends until the full amount shall have been paid. It is also agreed by said Levi J. Jones as a further consideration of the purchase price of said lots as aforesaid, that one-half the cost price of the construction of Madison street from the center of Columbus avenue north to the banks of White river shall be opened and paid for by him as the same may appear from the engineer's estimate with the price of grading and graveling herein named; the said Jones to allow the said land company twenty cents per cubic yard for the gravel necessary to complete the same. Work upon the completion of this contract shall be commenced at once, and continue daily and as fast as the weather shall permit, and all the streets and avenues named are to be finally completed by June 1, 1896. Witness our hands and seals this 9th day of November, 1895. Levi J. Jones. Wysor Land Co., by D. W. C. Bidwell, Pres."

It is alleged in the first paragraph of the complaint that by the terms of this contract one William J. Hilligos was made the general manager for the appellant, and authorized to direct, superintend, and oversee the performance of all the work necessary to be done under this contract; that he was empowered by appellant to determine when and how

such work should be done, and to determine when said work was completed in accordance with the said contract, and to accept said work when completed; that said Hilligos did superintend and direct appellee in the performance of all said work until appellee had fully and finally completed the same according to said contract, and according to the survey and plat as furnished him by the civil engineer, and according to the directions of the said Hilligos, and to the satisfaction of said Hilligos, who accepted said work of appellee, as the agent of said appellant, as fully performed by appellee to his satisfaction; and that appellant thereupon executed to appellee a deed for the lots named in the contract, and appellant has paid appellee in cash the sum of $1,500, all of which, together with the purchase price of said lots, has been placed to appellant's credit; and that the balance due appellee under said contract, after deducting the cash payments and the purchase price agreed upon for the lots, amounts to $1,813.80.

The third paragraph of the complaint is the same as the first, with the single exception that it does not aver the acceptance of the work by the said Hilligos. The only objection pointed out by appellant to either of these paragraphs is that neither of the said paragraphs state the whole of the contract; in other words, that, in addition to the written contract entered into between the parties to this suit, it is claimed that the survey and plats made by the civil engineer of the work to be done were a part of the contract, and were an essential part of the complaint. These, in effect, were the plans and specifications of the work to be done by appellee; but appellee is suing for a balance due for certain work done at a certain price, as specified in his contract,—not a lump sum, but at so much per cubic yard for both grading and graveling,—and we do not think it necessary that the plans and specifications should accompany the complaint. They were not a part of the contract in such a sense as to require them to be filed as exhibits in

this action. The plans and specifications are not in any manner involved. The case of *Williams* v. *Markland,* 15 Ind. App. 669, is decisive of this question. For the same reasons, it was not error for the court to overrule appellant's motion to make the first and third paragraphs of appellee's complaint more specific. The motion to make the said paragraphs of complaint more specific was for the purpose of compelling appellee to set out in his complaint the plans and specifications made by appellant's engineer.

It is next contended that the court erred in overruling appellant's motion for judgment upon the findings of fact notwithstanding the general verdict. A careful examination of these findings convinces us of the correctness of the ruling of the lower court upon this motion. There is no conflict whatever between the special findings and the general verdict. It is true that some of the findings are so antagonistic as to have the effect of destroying each other, but this does not affect the general verdict, which must stand as against the answers to interrogatories unless there be such an irreconcilable conflict that by no reasonable hypothesis they can both stand.

Under that specification of the assignment of errors which questions the ruling of the lower court upon appellant's motion for a new trial it is argued that the verdict and judgment is not sustained by the evidence. The evidence covers more than 1,000 pages of typewritten manuscript, and, very briefly stated, shows the following facts: That appellant is a corporation organized under the laws of the State of Indiana; that it owned a tract of land adjoining the city of Muncie, Indiana; that it caused the tract of land to be laid out and platted into lots as an addition to said city; that this land was bounded on the north and east by White river, and was subject to inundation by the water from said river whenever the same became swollen. Appellant, desiring to place said property upon the market, determined to grade and gravel the streets. It caused surveys and pro-

files of the cuts and fills to be made, and on the 9th of November, 1895, entered into a written contract with appellee, which is the contract sued upon. Appellee entered upon the work. The notes and mortgage mentioned in the contract were never executed, because the estimates made by appellant's engineer and approved by its general manager exceeded the sum of $3,000, which was the purchase price; and appellant accepted said work, and executed to appellee a deed for said lots, and paid to him in cash the sum of $1,500 additional. The estimates were all made by appellant's engineer, and were passed upon by said Hilligos as the contract provided. No objection was made by the company or its manager during the progress of the work. On August 1, 1896, an estimate was made by appellant's engineer of all the work done by appellee. This estimate was certified to be correct by both the engineer and by appellant's general manager. After the completion of the work by appellee, the appellant executed the following instrument: "This is to certify that L. J. Jones has completed the work of grading and graveling of Columbus avenue, Mulberry street, the north end of Jefferson street, Madison street, Myrtle avenue, Maple avenue, in that portion of the Whitely Land Company's second addition to Muncie, now owned and held by the Wysor Land Company, according to the terms of the contract heretofore made and entered into by and between the Wysor Land Company and said Jones on the 9th day of November, 1895. The Wysor Land Company, W. J. Hilligos, Gen. Mgr." It is also shown that after the completion and acceptance of said work White river overflowed its banks and inundated nearly all of said addition; and again, in the spring of 1897, the said addition was overflowed, the gravel washed from the streets, and the fills damaged. It was not until this condition presented itself that appellant saw fit to question the amount of work done, and to deny the authority of their general manager, Hilligos, to bind appellant by his acceptance in appellant's name

of the work done by appellee. The trial court permitted appellant to introduce all evidence offered by it as to the amount of work done by appellee, so that appellant can not say that the court allowed the cause to be tried upon an issue of estoppel, which the pleadings did not in this case present. There is evidence to sustain the verdict, and this court will not review a disputed question of fact.

The ninth cause of the motion for a new trial is not available because of appellant's failure to object to the evidence at the proper time. No objection was made to the admission of the evidence complained of, and in such a case the motion to strike out comes too late. In *Cleveland, etc., R. Co.* v. *Wynant*, 134 Ind. 681, it is said: "A party cannot sit by and permit improper testimony to go to the jury, and then make the court's refusal to strike it out available error. The failure to object at the proper time waives the error, if any was committed."

The tenth reason for a new trial relates to the ruling of the trial court in refusing to strike out that portion of the evidence by which it was proved that appellee was employed by appellant to remove the dirt from the gravel pit of the Whitely Land Company. It is true that this work was done for the Whitely Land Company, but it is shown that appellant employed appellee to remove this dirt so that the gravel could be reached, and that it was to appellant that appellee looked for his pay.

The fourteenth, fifteenth, sixteenth, seventeenth, and eighteenth reasons in the motion for a new trial relate to the admission as evidence of certain statements of the amount of work done, which were marked "O. K." by Hilligos, and signed by him as the general manager of appellant, and the evidence of appellee that he accepted said estimates made by appellant's engineer and indorsed as correct by Hilligos as a correct estimate of the work done by appellee. The evidence complained of was certainly proper. In the very contract upon which appellee bases his right to

recover, Hilligos is named as the general manager of appellant, and is given the express authority to examine, receive, and pass upon the work to be done by appellee. It could not be said that appellee's acceptance of the estimates made by appellant could be held to be injurious to appellant. The contract between appellant and appellee and the evidence throughout go to show that Hilligos had authority to bind appellant in so far as any matters growing out of the contract were concerned. The evidence which was excluded, as complained of in the ninteenth and twenty-fourth reasons for a new trial, was substantially all admitted during the progress of the trial, and the witness Hilligos was permitted to state all the authority which he understood he possessed, and all the acts that he did in connection with the work done under this contract.

The twenty-fifth reason presents no question as stated in appellant's brief. The bare statement of the question is not such a presentation of a question as will avoid a waiver.

The thirty-first reason presents no question. It relates to the ruling of the trial court in refusing to strike out all evidence tending to prove promises or agreements to pay for work not actually done. The motion was not sufficiently specific. It did not designate the witnesses who so testified, nor call the attention of the court to the particular questions and answers sought to be stricken out.

The giving and refusal to give certain instructions to the jury are complained of by appellant, We have given these instructions careful consideration. The instructions given by the court to the jury embodied a correct statement of the law applicable to the issues and evidence in this case, and the jury was fully instructed as to the credibility of witnesses. The record in this cause presents no error which would justify a reversal of the judgment of the lower court.

Judgment affirmed.