## THE REGINA COMPANY *v.* GALLOWAY.

[No. 7,547. Filed April 3, 1912.]

1. TRIAL.—*Reception of Evidence.—Objections.—Motion to Strike Out.*—Where a witness was permitted to testify at some length, an objection to his testimony, made for the first time at the close thereof, and also a motion to strike out the same, which followed a ruling on the objection, and was based on the same grounds offered in support of the objection, were each correctly overruled. p. 93.

2. JUSTICES OF THE PEACE.—*Jurisdiction.—Set-off.—Counterclaim.—Amount of Demand.*—Where a set-off or counterclaim for unliquidated damages is pleaded in an action before a justice of the peace, he has jurisdiction, if the defendant, after crediting the plaintiff's demand, does not claim more than $200, the jurisdiction in such cases being determined by the damage claimed. p. 94.

From Greene Circuit Court; *Charles E. Henderson,* Judge.

Action by The Regina Company aganst John W. Galloway. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Daniel W. McIntosh* and *Theo. E. Slinkard,* for appellant.

*Oscar E. Bland* and *Henry W. Moore,* for appellee.

IBACH, P. J.—Appellant sued appellee before a justice of the peace on four notes for $25 each, interest and attorneys' fees. Appellee filed a counterclaim, in which he pleaded that the notes were given as part of the purchase price of a musical instrument called a concerto; that appellant had warranted the mechanical construction and durability of the machine for one year from the date of sale; that this warranty had failed; that appellee had already paid $275 for the concerto, and had on his hands a worthless machine, and was greatly damaged by the breach of warranty. He demanded judgment for $200 on his counterclaim, and obtained such judgment. Appellant appealed to the circuit court, and there appellee again recovered judgment for $200.

R. A. Mitchell was permitted to testify at some length, and at the close of his testimony, appellant's counsel objected, for the first time, to the whole of his testimony, giving his reasons, and on his objection being overruled, he moved to strike out such testimony for the same reasons, which motion the court overruled. These rulings of the court are assigned as error.

1.

The rulings were correct. "For evidence first taken at the trial, the objection to a fact or group of facts must be taken at the moment after the offeror has uttered his question or otherwise made his offer of the fact; except that where the ground of the objection is found only in some feature of a witness' answer which could not have been relied upon until the answer was made, the objection may and must be made immediately after the answer." Wigmore, Evidence (Pocket Code) §74. See, also, *Crabs* v. *Nickle* (1854), 5 Ind. 145; *Darnall* v. *Hazlett* (1859), 11 Ind. 494; *Newlon* v. *Tyner* (1891), 128 Ind. 466, 27 N. E. 168, 28 N. E. 59; *Cleveland, etc., R. Co.* v. *Wynant* (1893), 134 Ind. 681, 34 N. E. 569; *Swygart* v. *Willard* (1906), 166 Ind. 25, 76 N. E. 755; Ewbank, Ind. Trial Ev. §258, and cases cited. It is not error to overrule a motion to

strike out testimony, when such testimony has been admitted without proper objection, if opportunity for objection has been offered. *Newlon* v. *Tyner, supra; Cleveland, etc., R. Co.* v. *Wynant, supra; Wysor Land Co.* v. *Jones* (1900), 24 Ind. App. 451, 458, 56 N. E. 46; Ewbank, Ind. Trial Ev. §258, and cases cited; cases cited under "Trial," 9 Ind. Dig. Ann. §91.

Appellant moved in arrest of the judgment, on the ground that the justice did not have jurisdiction of the subject-matter, and as he had no jurisdiction, the circuit court could acquire none. This motion was overruled, and it is urged that such ruling was erroneous.

2. Where a set-off, or counterclaim for unliquidated damages is pleaded, the justice has jurisdiction, if the defendant, after crediting the plaintiff's demand, does not claim more than $200, the jurisdiction in such cases being determined by the damage claimed. §§1721, 1782 Burns 1908, §§1433, 1491 R. S. 1881; *Alexander* v. *Peck* (1840), 5 Blackf. 308; *Gharkey* v. *Halstead* (1849), 1 Ind. 389; *Murphy* v. *Evans* (1858), 11 Ind. 517; *Pate* v. *Shafer* (1862), 19 Ind. 173; *Elgin* v. *Mathis* (1894), 9 Ind. App. 277, 279, 36 N. E. 650; *Decker* v. *Graves* (1894), 10 Ind. App. 25, 37 N. E. 550; *Broderick* v. *Andrews* (1908), 135 Mo. App. 57, 115 S. W. 519; *Clancy* v. *Neumeyer* (1889), 51 N. J. L. 299, 17 Atl. 154; *Martin* v. *Eastman* (1901), 109 Wis. 286, 85 N. W. 359; *Haygood* v. *Boney* (1894), 43 S. C. 63, 20 S. E. 803; *Bennett* v. *Forrest* (1895), 69 Fed. 421; *Walcott* v. *McNew* (1901), 62 S. W. (Tex. Civ. App.) 815.

The theory of defendant's counterclaim seems to be that there was a failure of consideration for the notes by reason of the failing of the warranty, and that appellee was damaged by such breach of warranty to the amount of the difference between the value of the machine as warranted and its actual value. Whether the counterclaim be construed as alleging that nothing was due on the notes, and demanding

damages for $200, or as admitting the validity of the notes, and demanding $200 after crediting the amount thereof, in either case the justice would have jurisdiction, for, on either theory, only $200 above the amount due the plaintiff was demanded. The justice found against appellant on its cause of action, and for appellee on his counterclaim, and rendered judgment for $200 for appellee, and in so doing acted within his jurisdiction.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 81. See, also, under (1) 38 Cyc. 1390, 1407; (2) 24 Cyc. 476. As to estoppel on a party to complain of evidence admitted through his failure to object, see 130 Am. St. 768.