INDIANAPOLIS TRACTION AND TERMINAL COMPANY *v.* PEELER.

[No. 9,720. Filed March 27, 1919.]

1. APPEAL.—*Review.—Harmless Error.—Instructions.—Inapplicability.*—In an action for personal injuries, defendant is not harmed by a correct instruction relating to contributory negligence where there was no evidence on that subject. p. 648.

2. APPEAL.—*Review.—Instructions.—Consideration as a Whole.—Presumptions.*—Instructions should be considered as a whole, and not in detached fragments, and, when so construed, if the law has been presented to the jury with reasonable clearness and accuracy, it will be presumed that the jury was not misled thereby, even though some particular instruction, considered alone and unqualified by others, is erroneous. p. 648.

3. NEGLIGENCE.—*Personal Injuries.—Aggravation of Existing Condition.—Damages.—Instructions.*—In an action for personal injuries, an instruction allowing compensation for the aggravation of a disease with which plaintiff was afflicted *held* not to be erroneous as being contrary to the issues raised by the complaint, though the aggravation of the disease was not pleaded as an element of special damages. p. 649.

4. DAMAGES.—*Special Damages.—Aggravation of Existing Condition.—Pleading.*—An aggravation of an existing physical condition is not regarded as special damages necessary to be specially pleaded to admit evidence thereof. p. 650.

5. TRIAL.—*Instructions.—Consideration of Expert Testimony.—Invasion of Province of Jury.*—In an action for personal injuries, instructions that it was the jury's duty, in determining the weight to be given the opinions of medical witnesses, testifying as experts, to consider such opinions to the extent that the hypothetical facts on which they were based were sustained by the evidence, and to the extent that such witnesses had shown them-

selves qualified as experts, were not objectionable as invading
the province of the jury. p. 650.

6. APPEAL.—*Review.*—*Instructions.*—*Searching . Record.*—*Affirm-
ance.*—Where appellant complains of instructions relating to the
testimony of medical experts, but fails to furnish a digest of
the evidence of such witnesses, the court on appeal may search
the record for the purpose of affirming the judgment. p. 651.

7. APPEAL.—*Briefs.*—*Waiver of Error.*—*Instructions.*—Error, if
any, in the giving of instructions relating to damages in an action
for personal injuries is waived by appellant's failure to discuss
the question of damages in his brief. p. 652.

From Johnson Circuit Court; *W. E. Deupree,*
Judge.

Action by Nora Peeler against the Indianapolis
Traction and Terminal Company. From a judgment
for plaintiff, the defendant appeals. *Affirmed.*

*Miller & White, D. E. Watson* and *W. H. Latta,* for
appellant.

*Brannigan & Williams* and *Korbly & New,* for ap-
pellee.

NICHOLS, J.—This is an action for personal inju-
ries alleged to have been sustained by the appellee
while she was a passenger on one of the appellant's
cars. It appears by the complaint, which was in one
paragraph, that the appellant was, on July 13, 1914,
operating a street railway system in the city of In-
dianapolis, and that as a part of said system it owned
and operated a double track line on South Illinois
street in said city, which street extends north and
south and passes the Union Railway depot; that at
that point on said South Illinois street, immediately
north of said Union depot, the appellant maintained
a station and stopping place for the convenience of
persons who desire to become passengers upon its
said cars, and that on said day appellee became a

passenger upon one of appellant's cars at said stopping place near said depot, at which time the said car had come to a full stop for the purpose of receiving passengers; that after appellee became such passenger, appellant caused a second of its said cars to approach, from the rear, the car upon which the appellee was seated, at a high and negligent rate of speed, and caused the second car to run against and violently collide with the car upon which the appellee was seated, thereby throwing the appellee with great force from her seat to the floor of the car in which she was a passenger, severely bruising, shocking and otherwise injuring her.

Appellant answered in general denial. The cause was tried by a jury, and a verdict was rendered for the appellee in the sum of $1,750, upon which judgment was rendered, after a motion for a new trial was filed by the appellant, and overruled by the court.

Appellant's counsel, after making request for oral argument, failed to appear at the time fixed therefor, though notified, and failed to inform the court that they would not appear.

The only error relied upon for reversal of this cause is that the trial court erred in overruling appellant's motion for a new trial. Under this assignment of error the appellant complains that the verdict is contrary to law, and that it is not sustained by sufficient evidence, and that the court's twelfth instruction, and the seventh, tenth, eleventh and twelfth instructions, tendered by the appellee and given by the court, were each erroneous.

- It is earnestly contended by the appellant that the occurrence was so unusual and improbable that no negligence could or did exist in failing to anticipate

and guard against it. We have carefully examined the evidence, and, without entering into a discussion of the same, we are clear that, by the uncontradicted facts, the case cannot be classified with those of mere accidents, and that the jury could reasonably infer from the evidence that the appellant was chargeable with actionable negligence, and that therefore the verdict of the jury was sustained by sufficient evidence, and it was not contrary to law.

The appellant complains that the twelfth instruction, given by the court upon its own motion, charges the jury upon the element of contributory negligence on the part of the appellee when the subject of contributory negligence could not and did not arise under the evidence. There being no evidence of contributory negligence, this instruction is open to the appellant's criticism, but it is correct as an abstract statement of the law, and, as the appellant was not entitled to the benefit of a finding in its favor on the question upon which there was no evidence, it was not injured by such an instruction, even though its inapplicability to the evidence be granted. *City of Indianapolis* v. *Cauley* (1905), 164 Ind. 304, 312, 73 N. E. 691; *Ryman* v. *Crawford* (1882), 86 Ind. 262, 269; *Indianapolis, etc., Transit Co.* v. *Haines* (1904), 33 Ind. App. 63, 69 N. E. 187; *Indianapolis Traction, etc., Co.* v. *Ulrick* (1910), 45 Ind. App. 149, 90 N. E. 321.

The appellant complains of instruction No. 7 because it does not limit the recovery of the appellee to the damages sued for in the complaint, nor to those shown by the evidence to exist. It has been many times decided by the courts of this state that instructions should be considered and con-

strued as a whole, and not in detached fragments, and, when so construed, if the law has been presented to the jury with reasonable clearness and accuracy, it will not be presumed that the jury was misled thereby, even though it may be said that some particular instruction, considered alone and unqualified by others, is erroneous. The essential question is whether the jury was misled by any instruction to the prejudice of the complaining party. Said instruction No. 7 considered alone might be erroneous, in not limiting the amount of the recovery to the damages sued for in the complaint, but this objection is fully met by instruction No. 15, given by the court upon its own motion. *McIntosh* v. *State* (1898), 151 Ind. 251, 256, 51 N. E. 354; *Rains* v. *State* (1899), 152 Ind. 69, 52 N. E. 450; *Thrawley* v. *State* (1899), 153 Ind. 375, 55 N. E. 95; *Mortimer* v. *Daub* (1912), 52 Ind. App. 30, 36, 98 N. E. 845; *Evansville, etc., R. Co.* v. *Talbot* (1892), 131 Ind. 221, 224, 29 N. E. 1134.

Instruction No. 10, tendered by the appellee and given by the court, instructs the jury as to the aggravation of a former disease or malady with 3. which the appellee claimed to have been afflicted, and instructed the jury that, if such troubles, if any, had been aggravated as to the direct result of the negligence of the appellant, then appellee would have been entitled to recover therefor such an amount as would fully compensate her for such aggravated condition, as well as for suffering and mental anguish that she had experienced, if any, on account of such aggravation of her diseased condition. The appellant complains of this instruction as being contrary to the issues raised by the appellee's complaint, and as being at variance with the plead-

ings, and that, if aggravation of an old disease is an element of special damages, such condition was not pleaded in the complaint as an element of special damages.    It has been held that an aggravation of

4.    an existing condition is not regarded in this state as special damages, and that it need not be specially pleaded in order to admit evidence of such fact.    If evidence may be heard as to such condition, then an instruction germane thereto is not erroneous.    *Indiana Union Traction Co.* v. *Jacobs* (1906), 167 Ind. 85, 91, 78 N. E. 325; *Ohio, etc., R. Co.* v. *Hecht* (1888), 115 Ind. 443, 17 N. E. 297; *Oolitic Stone Co.* v. *Ridge* (1910), 174 Ind. 558, 578, 91 N. E. 944.

Instructions Nos. 11 and 12, tendered by the appellee and given by the court, are each with reference to testimony of medical witnesses who have testi-

5.    fied as experts at the trial of the cause.    Instruction No. 11 tells the jury that in determining the weight it should give to the opinion of the medical witnesses, based upon the supposed state of facts, the jury should consider how far such supposed state of facts is sustained by the evidence.    It further tells the jury that so far as such supposed state of facts is sustained by the evidence, so far the jury will receive the opinions and give them proper weight, and that so far as such supposed state of facts is not sustained by the evidence, so far the jury should disregard the opinions.

Instruction No. 12 tells the jury that so far as medical witnesses have given general scientific evidence, as to the appellee's present physical and nervous condition, the jury will, in determining the weight it should give to such testimony, consider so far as the

same has been disclosed by the evidence, the professional experience of such witnesses, etc. These instructions are challenged by the appellant as an invasion of the province of the jury. We do not regard either of them as mandatory, but only as instructing the jury as to their duty to consider such testimony to the extent that the hypothetical facts were sustained by the evidence, and to the extent that such witnesses had shown themselves qualified as experts. This was clearly the duty of the jury, and such instruction was not an invasion of their province. *Strebin* v. *Lavengood* (1904), 163 Ind. 478, 493, 71 N. E. 494; *Goodwin* v. *State* (1884), 96 Ind. 550; *Guetig* v. *State* (1879), 66 Ind. 94, 32 Am. Rep. 99; *Cleveland, etc., R. Co.* v. *Hadley* (1908), 170 Ind. 204, 82 N. E. 1025, 84 N. E. 13, 16 L. R. A. (N. S.) 527, 16 Ann. Cas. 1. As opposing this principle, appellant cites *Wabash R. Co.* v. *Biddle* (1901), 27 Ind. App. 161, 59 N. E. 284, 60 N. E. 12; *Woollen* v. *Whitacre* (1883), 91 Ind. 501; *Duvall* v. *Benton* (1891), 127 Ind. 178, 26 N. E. 688. But in the case of *Fifer* v. *Ritter* (1902), 159 Ind. 8, 12, 64 N. E. 463, the court said that these cases, "and perhaps some others, so far as they seem to hold to a different rule, are no longer authorities upon the question here involved."

The medical witnesses testifying as experts in this case consisted of three witnesses. The appellant has not furnished us with a digest of the evidence 6. of any one of these witnesses as to any part thereof pertaining to the appellee's injuries, but in each case has been satisfied, after giving evidence qualifying the witness as an expert and other evidence leading up to the condition of the appellee, merely to state in substance that the remainder of the

witness' evidence was confined to the appellee's injuries or physical condition; but this court may make an independent search of the record for the purpose of affirming the judgment. *Dunham* v. *Jones* (1915), 184 Ind. 46, 110 N. E. 203; *Selz, Schwab & Co.* v. *Gullion* (1918), 187 Ind. 328, 119 N. E. 209.

Having examined the evidence of each of these witnesses in full, as the same appears in the transcript of the evidence, we conclude, after such examina-

7.   tion, that each of said instructions, even if erroneous, still as applied to the evidence of such experts was harmless to the appellant, its interest not having been prejudiced thereby (*Morford* v. *Woodworth* [1855], 7 Ind. 83; *Wallace* v. *Cravens* [1870], 34 Ind. 534; *Hayden* v. *Souger* [1877], 56 Ind. 42, 26 Am. Rep. 1; *Stewart* v. *State* [1887], 111 Ind. 554, 13 N. E. 59; *Pittsburgh, etc., R. Co.* v. *Nicholas* [1906], 165 Ind. 679, 76 N. E. 522), unless perchance, it might be as to the extent of the appellee's injuries. This would apply only to the question of the amount of damages which the appellee should recover, and the question of damages is waived by the appellant by failing to discuss the same. *Wysor Land Co.* v. *Jones* (1900), 24 Ind. App. 451, 459, 56 N. E. 46; *Citizens St. R. Co.* v. *Stockdell* (1902), 159 Ind. 25, 33, 62 N. E. 21.

We find no available error in the record. Judgment affirmed.